judge Mills
delivered the Opinion of the Court.
The only question in this case, arising betwen the complainant and defendant in chancery, is the appropriation of a credit, for a payment made by thejeompíainant, to the defendants, who held demands on him, due by different securities or undertakings. The complainant had undertaken to pay the defendants the amount of certain claims due to them by a third person. One of those claims was due by a replevin bond, in which the complainant was surety, and the others by a simple undertaking, not yet settled by judgments The payment in contest was made, and a receipt given therefor, without specifying to whichs The complainant contends that it is to go in discharge of the replevin bond first; the defendants, to the other claim.
The payor may direct to which demand, a payinent shall be applied. If he does not do it, the payee may apply it. If both fail the law will apply it, by indulging presumptions between the parties, and generally in a court of equity, a payment will be applied toa demand bearing interest, where there is another not bearing interest, between the same parties. Here it is not certainly shown whether the demand contended for by the defendants, does, or *254 does hot, bear interest, although it most prebahij does. But it is evident that the demand which the complainant insists upon to be first extinguished, is best secured, and in such a case it is deemed equitable, to apply the credit to the debt, the security of which is most precarious-~-according to the case of Field &c. vs. Holland, 6 Cranch, 8. To this demand the court below,, applied this credit, and there is, therefore, no error in the decree, and it must be. affirmed with costs and damages.
Robertson, for plaintiff..